HOFMANN & SCHWEITZER
Attorneys for Plaintiff
212 West 35th Street, 12th Floor
New York, NY 10001
Tel: 212-465-8840

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL KOZAK,

                        Plaintiff        **COMPLAINT**

  -against-                          **CIVIL AND ADMIRALTY**

LIBERTY MARITIME CORPORATION,
LIBERTY GLORY CORPORATION as the
owners of the M/V LIBERTY GLORY,

                        Defendants
------------------------------------------------------------------x

## JURY TRIAL DEMANDED

Plaintiff claims of the defendants damages upon the following causes of action:

1. Plaintiff is a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C.§ 30104.

2. Defendant LIBERTY MARITIME CORPORATION ("Liberty Maritime") is a domestic profit corporation duly organized and existing under and by virtue of the laws of the State of New York, and which does business in the state in which this District Court sits.

3. Defendant LIBERTY GLORY CORPORATION ("Liberty Glory") is a domestic profit corporation duly organized and existing under and by virtue of the laws of the State of New York, and which does business in the state in which this District Court sits.

4. This cause of action arises under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the admiralty and maritime jurisdiction exercised by this court. Nothing in these jurisdictional allegations is to be construed as a waiver of the

plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried to a jury, at plaintiff's option, as permitted under <u>Fitzgerald v. United States Lines Company</u>, 374 U.S. 16 (1963).

5. On or about July 8, 2019, Liberty Maritime owned the M/V Liberty Glory (hereinafter, "the vessel").

6. On or about July 8, 2019, Liberty Maritime operated the M/V Liberty Glory.

7. On or about July 8, 2019, Liberty Maritime managed the M/V Liberty Glory.

8. On or about July 8, 2019, Liberty Maritime controlled the M/V Liberty Glory.

9. On or about July 8, 2019, Liberty Maritime possessed the M/V Liberty Glory.

10. At all times material hereto, Liberty Maritime was the vessel's bareboat charterer, and/or was the owner <u>pro hac vice</u> thereof, in coastwise, inter-coastal and foreign commerce.

11. On or about July 8, 2019, plaintiff was in the employ of Liberty Maritime as a seaman and a member of the crew of the vessel at the rate of pay and for the term set forth in his employment contract with the entitlement to fringe benefits and overtime.

12. On or about July 8, 2019, Liberty Glory owned the M/V Liberty Glory.

13. On or about July 8, 2019, Liberty Glory operated the M/V Liberty Glory.

14. On or about July 8, 2019, Liberty Glory managed the M/V Liberty Glory.

15. On or about July 8, 2019, Liberty Glory controlled the M/V Liberty Glory.

16. On or about July 8, 2019, Liberty Glory possessed the M/V Liberty Glory.

17. At all times material hereto, Liberty Glory was the vessel's bareboat charterer, and/or was the owner <u>pro hac vice</u> thereof, in coastwise, inter-coastal and foreign commerce.

18. On or about July 8, 2019, plaintiff was in the employ of Liberty Glory as a seaman and a

member of the crew of the vessel at the rate of pay and for the term set forth in his employment contract with the entitlement to fringe benefits and overtime.

### AS FOR A FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE AGAINST DEFENDANTS LIBERTY MARITIME CORPORATION and LIBERTY GLORY CORPORATION

19. On or about July 8, 2019, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the negligence of the defendants, jointly and severally, was caused to sustain the serious injuries more specifically set forth hereunder.

20. On said date, plaintiff, while in the course of his employment, and with the consent and knowledge of each of the defendants, was performing labors in furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein.

21. On said date, plaintiff severely injured his left arm as he was moving a piece of equipment to perform cleaning duties aboard the vessel. The injury occurred as a result of insufficient assistance and equipment that should have been provided to plaintiff but was not. The injury occurred because of the negligence of the defendants and the unseaworthiness of the vessel.

22. The defendants, jointly and severally, had a non-delegable duty to provide plaintiff a safe place to work.

23. Plaintiff's injuries were caused by the negligence of the defendants, jointly and severally, by its agents, servants, workmen and employees and by the unseaworthiness of the

vessels, and by the defendants breach of its obligation to provide prompt and adequate medical care and treatment.

24. Defendants owed plaintiff a duty to furnish a safe place to work and a seaworthy vessel. Defendants also had a duty to properly train plaintiff and the other members of the crew, as well as provide them with the proper tools, equipment, and assistance necessary to do their duties safely. Defendants failed in those respects, and such unseaworthiness of the vessel in question caused and resulted in the injuries and damages sustained by plaintiff. These conditions were brought about and caused by Defendants.

25. Defendants breached their legal duties, and such breaches injured and damaged plaintiff. Additionally, Defendants had the right of control and right of supervision over the details of the procedures, equipment, devices, instructions, methods and manner of work aboard the vessel, and Defendants were negligent in failing to use ordinary care in the exercise of their rights of control and supervision. Defendants also had the duty to properly train all crew members on safety, and ensure that the crew is qualified or properly hired so that they may not cause dangers or hazards to other crew members. Defendants were negligent in failing to use ordinary care in their respective duties to hire qualified employees and provide sufficient safety training.

26. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

## AS FOR A SECOND CAUSE OF ACTION - UNSEAWORTHINESS AGAINST DEFENDANTS LIBERTY MARITIME CORPORATION and LIBERTY GLORY CORPORATION AS OWNERS OF THE M/V LIBERTY GLORY

27. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

28. On or about July 8, 2019, while the vessel was in the navigable waters, Plaintiff in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy conditions of the vessel, for which defendants were liable, was caused to sustain serious injuries more specifically set forth above.

29. Plaintiff's injuries were caused by the negligence of the defendants and the unseaworthiness of the vessel Liberty Glory.

30. By reason of the foregoing, plaintiff claims damages in the amount to be found reasonable by the trier of fact.

## AS FOR A THIRD CAUSE OF ACTION: MAINTENANCE AND CURE

31. Plaintiff claims of the defendants maintenance, cure and wages and attorneys fees, in such amount as may be determined by the Court upon the following causes of action.

32. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

33. The jurisdiction of this Court over this third cause of action arises under and by virtue of the Admiralty jurisdiction of the District Courts of the United States.

34. Because of plaintiff's injuries, as aforesaid, plaintiff is entitled to maintenance and cure from defendants.

35. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and

wages and, if warranted and attorneys fees in an amount which the Court shall deem just and proper upon the trial of this cause.

36. All and singular, the premises contained in the third cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE**, plaintiff prays that judgment be entered against the defendants, and that a warrant of arrest issue against the vessel, her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

- a. That citation issue against defendants LIBERTY MARITIME CORPORATION, LIBERTY GLORY CORPORATION as the owners of the M/V Liberty Glory to appear and answer all the matters aforesaid;
- b. That this Honorable Court enter judgment for plaintiff in accordance with the sums found by a jury to be due plaintiff together with interest, costs and counsel fees;
- c. That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;
- d. That judgment be entered against the defendants for compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as the Court may determine to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court may deem just and proper.

  e. Plaintiff would additionally say and show that he is entitled to recovery of pre- and post-judgment interest in accordance with law and equity as part of his damages herein, and plaintiff here and now sues for recovery of pre- and post-judgment interest as provided by law and equity.

Dated: New York, New York  
   August 13, 2020

HOFMANN & SCHWEITZER  
Attorneys for Plaintiff

By: *Paul T. Hofmann*

Paul T. Hofmann (PH1356)  
212 West 35th St., 12th Floor  
New York, NY 10001  
Tel: 212-465-8840 Fax: 212-465-8849  
paulhofmann@hofmannlawfirm.com